IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON <br> 1400 Eye Street, N.W., Suite 450 <br> Washington, D.C. 20005 <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20530 <br><br> Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the U.S. Department of Justice ("DOJ") to respond to two requests of plaintiff for disclosure of documents in the Office of Legal Counsel ("OLC"), a component of DOJ, related to the disappearance of emails by former high-ranking OLC officials, including John Yoo.

2. This case seeks declaratory relief that DOJ is in violation of the FOIA, 5 U.S.C. § 552(a)(6)(E)(I), for failing to respond to plaintiff's requests and injunctive relief ordering defendant DOJ to process immediately the requested records in their entirety.

### JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over DOJ pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552 (a)(6)(C)(I). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5

U.S.C. § 552(a)(4)(B).

4. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a nonprofit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials, federal agencies and entities, and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. CREW has invested considerable organizational resources in pushing the U.S. government to take issues of ethics and accountability seriously. CREW monitors closely the laws and rules applicable to government agencies and government officials.

6. CREW is harmed by DOJ's failure to process CREW's FOIA requests because that failure hampers CREW's ability to satisfy the public need for full, accurate, and current information on a matter of public interest. Absent this critical information, CREW cannot advance its mission of educating the public to ensure the public continues to have a vital voice in government decisions.

7. CREW will analyze the information it receives that is responsive to its requests and will share it with the public through memoranda, reports, or press releases. In addition, CREW will disseminate any documents it acquires from its request to the public through its own website as well as another website on which CREW, among others, posts documents for public review.

8. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702. DOJ and its component OLC have possession and control of the requested records and are responsible for fulfilling plaintiff's FOIA requests.

## STATUTORY FRAMEWORK

9. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(I).

11. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

12. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester has demonstrated a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(I). The FOIA defines "compelling need" as including requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* at § 552(a)(6)(E)(v)(II).

13. Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request," 5 U.S.C. § 552(a)(6)(E)(ii)(I), and to give "expeditious consideration" to administrative appeals of such determinations. *Id.* at §

552(a)(6)(E)(ii)(II).

14. DOJ has promulgated regulations providing for expedited processing of FOIA requests in four instances. 28 C.F.R. § 16.5(d). Under those regulations, a requester may seek expedited processing where there is an urgency to inform the public about an actual or alleged federal government activity and the person making the request is primarily engaged in disseminating information. Alternatively, expedition is warranted under DOJ regulations if the request involves a matter of widespread and exceptional media interest and the subject matter raises possible questions about the government's integrity affecting public confidence. *Id.* at §§ 16.5(d)(1)(ii), (iv).

15. Requesters seeking expedition from DOJ based on a matter of widespread and exceptional media interest must submit their request for expedition to the director of DOJ's Public Affairs. 28 C.F.R. § 16.5(d)(2). All requesters seeking expedition must certify that the basis for their request is true and correct to the best of their knowledge and belief. *Id.* at § 16.5(d)(3).

16. DOJ regulations require DOJ to grant or deny a request for expedited processing within 10 calendar days of receipt. 28 C.F.R. § 16.5(d)(4). If expedition is granted, the request is given priority and must be processed "as soon as practicable." *Id.*

17. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

### FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

18. On February 19, 2010, DOJ's Office of Professional Responsibility ("OPR") released

a report, *Investigation into the Office of Legal Counsel's Memoranda Concerning Issues Relating to the Central Intelligence Agency's Use of "Enhanced Interrogation Techniques" on Suspected Terrorists*, dated July 29, 2009 ("OPR Report"). The OPR report examined, among other things, the roles of former OLC Deputy Assistant Attorneys General John Yoo and Patrick Philbin in drafting memoranda evaluating the lawfulness of torture in the context of interrogations conducted outside the United States ("torture memos"), which OLC issued under the name of Jay S. Bybee, then Assistant Attorney General for OLC.

19. OPR noted its investigation "was hampered by the loss of Yoo's and Philbin's email records." According to the OPR Report, "most of Yoo's email records" as well as "Philbin's email records from July 2002 through August 5, 2002 – the time period in which the Bybee Memo was completed and the Classified Bybee Memo . . . was created had also been deleted and were reportedly not recoverable." According to OPR, the deleted emails included "relevant documents."

20. In response to these revelations, Paul M. Wester, Jr., Director of Modern Records Programs at the National Archives and Records Administration, requested by letter dated February 24, 2010, that DOJ's Office of Records Management Policy determine within 30 days whether an unauthorized destruction occurred with the deletion of emails from Messrs. Yoo and Philbin.

21. Upon information and belief, DOJ has yet to respond to Mr. Wester's letter, claiming the need for additional time.

22. In response to the revelations in the OPR Report, John Conyers, Chairman of the House of Representatives Committee on the Judiciary, requested by letter dated March 1, 2010,

that Archivist David S. Ferriero search relevant records and provide the Committee with emails Mr. Yoo sent or received between March 1, 2002 and May 31, 2003, and emails Mr. Philbin sent or received between July 1, 2002 and August 5, 2002.

23. Upon information and belief, the archivist has not yet provided Chairman Conyers with the requested emails of Messrs. Yoo and Philbin.

### CREW's FOIA Request of February 26, 2010

24. On February 26, 2010, plaintiff sent a FOIA request by facsimile to OLC, a component of defendant DOJ, seeking copies, regardless of format and including electronic records and information, of record keeping guidance issued to OLC staff from January 2000 to the present concerning how electronic records, including email, are to be treated for purposes of federal record keeping laws. CREW also sought records indicating, reflecting, or commenting on any problems with the storage or retention of emails of OLC staff from January 2000 to July 2009.

25. CREW sought expedited processing of its request for the express purpose of disseminating any responsive documents to the public. CREW explained the particular urgency to inform the public about the circumstances underlying the destruction of the emails of former high-ranking OLC officials, including Messrs. Yoo and Philbin, especially in light of their role in drafting the highly controversial and now discredited torture memos. As required by 28 C.F.R. § 16.5(d)(3), CREW certified that the basis for its request for expedition is true and correct to the best of its counsel's knowledge and belief.

26. By letter dated February 26, 2010, and sent by facsimile and first-class mail, CREW also requested that Matthew Miller, DOJ's Director of Public Affairs, grant CREW's request for

expedition in light of the widespread and exceptional media interest in this matter and the questions that have been raised about the circumstances under which the emails of Messrs. Yoo and Philbin were destroyed in light of their critical importance in explaining the roles the two played in the crafting of the OLC memoranda authorizing torture of detainees.

27. In its FOIA request of February 26, 2010, CREW also sought a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way, and the request is primarily and fundamentally for non-commercial purposes. Specifically, the requested records would inform the public about whether and to what extent the destruction of the emails of John Yoo and Patrick Philbin may have violated DOJ policy and federal laws.

28. CREW also requested that it not be charged search or review fees for its request because CREW qualifies as a representative of the news media. CREW explained the multiple ways in which it routinely and systematically disseminates information to the public, including through its website, an online newsletter, a blog, and published reports.

29. By letter dated March 16, 2010, Paul P. Colborn, Special Counsel to OLC, acknowledged receipt of CREW's FOIA request and advised CREW that DOJ's Office of Public Affairs had granted CREW's request for expedition. Mr. Colborn further advised that OLC had not yet made a decision on CREW's request for a fee waiver.

30. In a subsequent telephone conversation between Mr. Colborn and CREW's Chief Counsel, CREW agreed to bifurcate its FOIA request for purpose of processing. Under this agreement, OLC agreed to first process CREW's request for record keeping guidance and

separately process CREW's request for records reflecting a problem with the retention or storage

of emails.  CREW suggested ways it might consider further narrowing this second part of its

request if that would speed up OLC's processing.

31.  By letter dated April 16, 2010, and by facsimile of that same day, OLC provided

CREW with two documents responsive to its request for copies of electronic record keeping

guidance issued to OLC staff from January 2000 to the present.  As for the second part of

CREW's request for records indicating, reflecting, or commenting on any problem with the

storage or retention of emails of OLC staff, OLC said only it would process that request "as soon

as we get to that request in the course of processing our queue of 'more complicated' FOIA

requests."  OLC did not advise CREW of any applicable administrative remedies.

32.  Notwithstanding defendant DOJ's decision to expedite the processing of the entirety

of plaintiff's FOIA request, to date DOJ has neither produced a single document nor withheld or

otherwise accounted for any documents responsive to the second part of CREW's request.  Nor

has defendant DOJ informed plaintiff of an anticipated date for completing the processing of

plaintiff's FOIA request.

33.  Not only has defendant DOJ failed to expedite the processing of plaintiff's request, it

has also exceeded the generally applicable 20-day deadline for the processing of *any* FOIA

request.

34.  Plaintiff has exhausted the applicable administrative remedies.

35.  Defendant DOJ has wrongfully withheld the requested records from plaintiff.

**CREW's FOIA Request of March 3, 2010**

36.  On March 3, 2010, plaintiff sent a second FOIA request to OLC by facsimile and

8

first-class mail seeking copies of all emails sent to or from Assistant Attorney John Yoo from June 2001 through May 2003.

37. CREW also requested a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way, and the request is primarily and fundamentally for non-commercial purposes. Specifically, the requested records are likely to contribute to the public's understanding of the extent to which the emails of John Yoo have been destroyed, as referenced in the July 29, 2009 OPR Report. Disclosure of the volume and subject of Mr. Yoo's existing email records, whether in electronic or paper form, would inform the public about whether and to what extent the destruction of emails was limited to Mr. Yoo's role in drafting the torture memos and may have been the result of willful actions by Mr. Yoo or others, in violation of DOJ policy and federal laws.

38. CREW also requested that it not be charged search or review fees for its request because CREW qualifies as a representative of the news media. CREW explained the multiple ways in which it routinely and systematically disseminates information to the public, including through its website, an online newsletter, a blog, and published reports.

39. To date, DOJ has neither produced a single document to CREW in response to its FOIA request of March 3, 2010, nor withheld or otherwise accounted for any responsive documents. Nor has defendant DOJ informed plaintiff of an anticipated date for completing the processing of plaintiff's March 3, 2010 FOIA request.

40. Plaintiff has exhausted the applicable administrative remedies.

41. Defendant DOJ has wrongfully withheld the requested records from plaintiff.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Produce Records - February 26, 2010 FOIA Request)

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

43. Plaintiff properly requested that defendant DOJ expedite the processing of plaintiff's FOIA request of February 26, 2010, which sought agency records within the custody and control of DOJ.

44. Defendant DOJ wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for completing its processing of plaintiff's FOIA request.

45. Plaintiff has exhausted the applicable administrative remedies with respect to defendant DOJ's wrongful withholding of the records requested in plaintiff's February 26, 2010 FOIA request.

46. Plaintiff is entitled to injunctive and declaratory relief with respect to the expedited release and disclosure of the requested records.

### CLAIM TWO
### (Failure to Produce Records - March 3, 2010 FOIA Request)

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

48. Plaintiff properly asked for records within the custody and control of DOJ.

49. Plaintiff is entitled by law to access to the records requested in plaintiff's March 3, 2010 FOIA request, unless defendant makes an explicit and justified statutory exemption claim.

50. Defendant DOJ has neither produced any records to CREW in response to its March 3, 2010 FOIA request, nor made any explicit and justified claim of statutory exemption.

51. Plaintiff has exhausted the applicable administrative remedies with respect to defendant DOJ's wrongful withholding of the records requested in plaintiff's March 3, 2010 FOIA request.

52. Plaintiff is entitled to injunctive and declaratory relief with respect to the processing and disclosure of the requested records.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that DOJ and its component, OLC, violated the Freedom of Information Act by failing to lawfully satisfy plaintiff's expedited FOIA request of February 26, 2010;

(2) Order OLC to process and release immediately all records responsive to plaintiff's FOIA request of February 26, 2010 at no cost to plaintiff;

(3) Declare that DOJ and its component, OLC, violated the Freedom of Information Act by failing to lawfully satisfy plaintiff's FOIA request of March 3, 2010;

(4) Order OLC to process and release immediately all records responsive to plaintiff's FOIA request of March 3, 2010 at no cost to plaintiff;

(5) Provide for expeditious proceedings in this action;

(6) Retain jurisdiction of this action to ensure the processing of plaintiff's FOIA requests of February 26, 2010 and March 3, 2010 and that no agency records are wrongfully withheld;

(7) Award plaintiff its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(8) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

                                      /s/ _____
ANNE L. WEISMANN
(D.C. Bar No. 298190)
MELANIE SLOAN
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: May 11, 2010                Attorneys for Plaintiff