UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND )
ETHICS IN WASHINGTON, )
                                )
         Plaintiff,             )
                                )
      v.                        )  Civil Case No. 10-750 (JEB)
                                )
U.S. DEPARTMENT OF JUSTICE,     )
                                )
         Defendant.             )
_____)

**DEFENDANT'S MOTION FOR RECONSIDERATION**

By memorandum opinion dated October 26, 2011, the Court held that Plaintiff, the Citizens for Responsibility and Ethics in Washington ("Plaintiff" or "CREW"), was entitled to attorney's fees under the Freedom of Information Act's ("FOIA") fee provision. The entitlement determination requires the Court to consider four non-exhaustive factors: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the government had a reasonable basis for withholding the requested information. Notwithstanding that Plaintiff conceded that the records produced in response to its March 3, 2010 FOIA request "shed[] no light on Mr. Yoo's role in drafting the torture memos or, indeed, on anything Mr. Yoo may have done while at DOJ," the Court apparently inferred a public benefit from the production's *absence* of relevant information because it "is precisely the kind of information CREW hoped to glean from its requests" as the information "suggests that the missing emails concerning the torture memoranda were destroyed willfully." Mem. Op. at 11. That negative inference, however, was based on the incorrect and unsupported factual premise that "the remaining emails had little to do with Yoo's substantive

activities at OLC and . . . only mundane or unrelated email survived." Mem. Op. at 11. In fact, OLC withheld numerous substantive emails pursuant to FOIA exemption (b)(5) because they are privileged. The Department therefore respectfully requests that the Court reconsider its determination.

## STATEMENT OF FACTS

By letter dated February 26, 2010, CREW submitted a request to the Department of Justice Office of Legal Counsel seeking

> (a) Copies of record keeping guidance issued to staff of the Office of legal Counsel ("OLC") from January 2000 to the present concerning how electronic records, including email, are to be treated for purposes of federal record keeping laws; and

> (b) Records indicating, reflecting, or commenting on any problems with the storage or retention of emails of OLC staff, including but not limited to former Assistant Attorneys General John Yoo and Patrick Philbin, from January 2000 to July 2009.

*See* Memorandum of Points and Authorities in Support of Plaintiff's Motion for an Award of Attorneys' Fees and Costs ("Pl. Mot.") Ex. E (June 9, 2011) [ECF No. 7-1]. The letter additionally requested expedited processing and a waiver of all processing fees. *See* Pl. Mot. Ex. E.

Less than a week later, on March 3, 2010, Plaintiff submitted another FOIA request to OLC. *See* Pl. Mot. Ex. I. This time, Plaintiff sought "a copy of all emails sent to or from former Assistant Attorney General John Yoo from June 2001 through May 2003." *See* Pl. Mot. Ex. I. Although Plaintiff again sought a waiver of the fees associated with processing that request, Plaintiff did not request that the processing be expedited. *See* Pl. Mot. Ex. I.

By letter dated March 16, 2010, OLC acknowledged receipt of Plaintiff's February 26, 2010 request and advised that the Director of the Office of Public Affairs had granted Plaintiff's

request for expedited processing. The letter further suggested, however, that "[i]n an effort to speed up processing," Plaintiff consider "narrow[ing] the scope of [its] request." Pl. Mot. Ex. F. Plaintiff availed itself of that option, and in a subsequent conversation with OLC's Special Counsel Paul Colborn agreed to a bifurcated processing of the February 26, 2010 request. The processing of that request was completed before any involvement by the Court in this action, which Plaintiff filed just weeks after reaching that agreement. *See* Complaint (May 11, 2010) [ECF No. 1]. Thus, on August 2, 2010, the Court entered a paperless order adopting the production schedule proposed by the Department for processing the March 3, 2010 request. OLC complied with that schedule and subsequently produced a total of 229 records on August 31, 2010 and September 30, 2010 and a *Vaughn Index* on October 22, 2010. *See* Pl. Mot. Exs. J, K, L.

OLC's August 31, 2010 cover letter accompanying its production of records explained that it was withholding approximately 147 records pursuant to FOIA exemptions (b)(2), (b)(5), and (b)(6). *See* Pl. Mot. Ex. J. OLC also provided CREW with an October 22, 2010 draft *Vaughn* Index reflecting that the vast majority of the withheld documents were exempt under the deliberative process privilege. Plaintiff did not challenge a single one of OLC's withholdings.

After receiving the *Vaughn* Index, Plaintiff issued a press release admitting that the documents released in response to the March 3, 2010 request "shed no light on what Mr. Yoo did for the Department of Justice," "shed[] no light on Mr. Yoo's role in drafting the torture memos or, indeed, on anything Mr. Yoo may have done while at the DOJ." *See "Found" John Yoo Emails Shed No Light on What Mr. Yoo Did for the Department of Justice* (Oct. 26, 2010)*, published at www.citizensforethics.org/press/entry/found-john-yoo-emails-shed-no-light-on-

department-of-justice (hereinafter "*"Found" Yoo Emails Shed No Light*").  Notwithstanding that admission, Plaintiff contended that the release of these records benefitted the public.  That contention, as the Department demonstrated, was belied by CREW's own press release.  The Department also submitted a Declaration from OLC Special Counsel Paul Colborn that explained "that most of the substantive emails that did shed light on what Mr. Yoo did at the Department properly would have been withheld under Exemption Five, 5 U.S.C. § 552(b)(5)."  Declaration of Paul Colborn ¶ 23 (June 27, 2011) [ECF No. 8-2] ("Colborn Decl.").  Without addressing the Colborn Declaration or OLC's August 31, 2010 letter notifying CREW of the withholding of privileged documents, the Court made the following factual finding:

> *The fact that the remaining emails had little to do with Yoo's substantive activities at OLC*, therefore, is precisely the kind of information CREW hoped to glean from its requests.  *That only mundane or unrelated email survived*, CREW maintains, suggests that the missing emails concerning the torture memoranda were destroyed willfully.  In other words, that the "emails shed no light on what Mr. Yoo did for the Department of Justice" itself sheds light on the extent to which email[s] may have been purposefully destroyed.

Mem. Op. at 11 (emphasis added) (citation omitted).  The Department respectfully submits that this factual finding by the Court was clearly erroneous.  Since that finding apparently was central to the Court's determination that Plaintiff was entitled to fees, the Department hereby moves for reconsideration.[1]

---

[1] Pursuant to Local Civil Rule 7(m), undersigned counsel contacted Plaintiff's counsel Anne Weismann prior to filing this motion, and she advised that Plaintiff opposes this motion.

**ARGUMENT**

A district court "may revise its own interlocutory decisions 'at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'" *Electronic Privacy Info. Ctr. v. DHS*, 2011 WL 4014308, at *3 (D.D.C., Sept. 12, 2011) (citation omitted). The standard for providing relief upon such reconsideration is "as justice requires." *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000) (citation omitted). "'As justice requires' indicates concrete considerations of whether the court 'has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.'" *Electronic Privacy Info.*, 2011 WL 4014308, at *4. Such considerations "leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'" *Id.* Here, those considerations warrant reconsideration of this Court's conclusion that Plaintiff satisfied the public-benefit factor of the entitlement test for fees under FOIA.

I. **THE COURT'S PUBLIC-BENEFIT DETERMINATION WAS BASED ON A FACTUALLY ERRONEOUS NEGATIVE INFERENCE.**

It is undisputed that the records produced in response to Plaintiff's March 3, 2010 request provided the public with no important information about the Department activities. *See "Found" Yoo Emails Shed No Light* (admitting that the emails produced "shed[] no light on Mr. Yoo's role in drafting the torture memos or, indeed, on anything Mr. Yoo may have done while at DOJ"). As this Court recognized, the mere "disclosure of government documents does not satisfy the public interest factor." Mem. Op. at 9 (quoting *Alliance for Responsible CFC Policy,*

*Inc. v. Costle*, 631 F. Supp. 1469, 1471 (D.D.C. 1986)).  Nevertheless, the Court concluded that the fact that the documents produced shed little if any light on government activities "itself sheds light on the extent to which email may have been purposefully destroyed."  Mem. Op. at 11.  Specifically, the Court embraced Plaintiff's assertion that "[t]he fact that the remaining emails had little to do with Yoo's substantive activities at OLC" "suggests that the missing emails concerning the torture memoranda were destroyed willfully."  Mem. Op. at 11.  In this context, the Court also found it significant that "only mundane or unrelated email survived."  Mem. Op. at 11.

The Court's factual inference, however, overlooks the uncontradicted statement in the Declaration from OLC Special Counsel Paul Colborn that "[t]his result is unsurprising given that most of the substantive emails that did shed light on what Mr. Yoo did at the Department properly would have been withheld under Exemption Five, 5 U.S.C. § 552(b)(5)."  Colborn Decl. ¶ 23.  Mr. Yoo's role at the Department was to provide confidential legal advice to assist in Executive Branch decisionmaking.  *See* Colborn Decl. ¶ 3.  In this case, approximately 147 responsive and *substantive* emails were withheld by the Department pursuant to exemption (b)(5) without objection from Plaintiff.  *See* Pl Mot. Ex. J.  For example, entries 35 and 36 on the draft *Vaughn* Index provided to Plaintiff on October 22, 2010 are unclassified examples of the so-called "missing emails concerning the torture memoranda [that] were destroyed willfully," (Mem. Op. at 11).  *See* Declaration of Jacqueline Coleman Snead ¶ 2 & att., attached hereto as Exhibit B.  Clearly, these documents were *not* missing but withheld pursuant to FOIA exemption.  *See* Colborn Decl. ¶ 13. Thus, the record did not support the Court's negative inference.

Additionally, because much of the work done by Mr. Yoo involved national security and was classified, much of his work would not have been reflected in his emails. As established by the attached Declaration of Sheryl Walter, Mr. Yoo did not have a classified email account during the time he served at OLC. *See* Declaration of Sheryl L. Walter ¶¶ 4-5 (explaining that "Yoo never had an account on OASIS" and "there was no other classified computer system with an email capability" at Main Justice), attached hereto as Exhibit A. Thus, the absence of emails related to much of Mr. Yoo's work on the so-called "terror memoranda" is explained by their classified subject-matter and not the Court's negative inference of their willful destruction. Moreover, as Plaintiff well knows, to the extent there were unclassified emails regarding "torture memoranda," they were withheld pursuant to exemption (b)(5) and not challenged by Plaintiff. Indeed, tellingly, Plaintiff did not claim public benefit from the negative inference the Court apparently drew in the absence of the facts now in the record. *See* Reply in Support of Plaintiff's Motion for an Award of Attorneys' Fees and Costs at 12 (July 11, 2011) [ECF No. 10].

## II.    THE COURT'S PUBLIC-BENEFIT FINDING CANNOT BE SUSTAINED ON ANY OF THE COURT'S OTHER CONSIDERATIONS.

Although the Court apparently considered other factors besides the erroneous negative inference, none is sufficient to sustain the finding of a public benefit. *See* Mem. Op. at 10-11. Specifically, the Court considered the fact that Plaintiff's February 26, 2010 request "was intended to 'inform the public about whether and to what extent the destruction of these email[s] may have violated DOJ policy and federal laws'"; that "[i]n granting CREW's request for expedited processing of the February 26th request, DOJ acknowledged that the question involved was a 'matter of widespread and exceptional media interest'"; and that the produced documents "were not available to the public prior to CREW's requests." Mem. Op. at 10. The first of these

7

considerations – the request itself – is insufficient because "it is the benefit that derives from the litigation not simply the request that is considered." *Horsehead Indus., Inc. v. EPA*, 999 F. Supp. 59, 68-69 (D.D.C. 1998); *see also Chesapeake Bay Found. v. Department of Agric.*, 108 F.3d 375, 377 (D.C. Cir. 1997).  For similar reasons, the second of the Court's considerations – the Department's granting expedited processing based on the perceived interest in the subject-matter of the request – is not basis to find a public benefit from this lawsuit.  Finally, and most significantly, the third consideration – the Department's production of documents responsive to Plaintiff's February 26, 2010 request – is irrelevant to the Court's fee analysis because the Department completed processing that request *before* the August 2, 2010 order on which this Court predicated Plaintiff's eligibility for fees.  *Compare* Colborn Decl. ¶ 15 (explaining that "OLC completed its search for documents responsive to the [] narrowed February 26 Request, and by letter dated July 23, 2010, [] informed CREW that OLC had found no responsive documents" and thus "[t]his litigation was thereafter focused exclusively on CREW's March 3 Request") *with* Mem. Op. at 5 (concluding that Plaintiff was eligible for fees "because it obtained relief through a judicial order").  Indeed, for that reason, no aspect of Plaintiff's February 26, 2010 request has bearing on the Court's fee determination.  Thus, the Court's public-benefit finding necessarily hinges on the erroneous negative inference, and therefore Plaintiff's entitlement to fees should be revisited.

## CONCLUSION

For the foregoing reasons, the Department of Justice respectfully requests that the Court reconsider its determination that Plaintiff is entitled to fees and conclude that no public benefit was derived from this lawsuit.

Date:   November 4, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General,
Civil Division

RONALD C. MACHEN, JR.
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director,
Federal Programs Branch

   */s/ Jacqueline Coleman Snead*
JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm 7214
Washington, DC 20530
Tel: (202) 514-3418
Fax: (202) 616-8470
jacqueline.snead@usdoj.gov

**Counsel for the Department of Justice**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Case No. 10-750 (JEB)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED ORDER**

Upon consideration of Defendant's Motion for Reconsideration, the opposition thereto, and the complete record in this case, it is hereby

ORDERED that Defendant's motion is GRANTED.

SO ORDERED.

Date: _____        _____
United States District Court Judge

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 4, 2011, a true and correct copy of the foregoing Defendant's Motion for Reconsideration was electronically filed through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available for viewing on that system.

                                                                 */s/ Elizabeth J. Shapiro*
                                                                 ELIZABETH J. SHAPIRO